## THE NUNS OF THE ORDER OF ST. DOMINICK,
### Plaintiff, *v.* LONG ISLAND CITY, Defendant.

*Children between two and sixteen years cannot be sent to a county poor-house — an incorporated asylum may recover for the support of such children, when it has been furnished under written orders of the overseer of the poor — 1884, chap. 438, sec. 2.*

This action was brought by the plaintiff, a corporation organized under the laws of this State for the care, education and support of poor orphan children, to recover the amount due it for supporting certain children between the ages of two and sixteen years, who were residents of Long Island city, and whom

it had received, cared for and supported, on the authority of written orders given by the overseer of the poor of the defendant city.

*Held,* that the plaintiff was entitled to recover, as it had acted under the direction of an officer who had full power to give such direction, and who was compelled by law to furnish the support for such children outside of the poorhouse and in an incorporated orphan asylum.

That, as the relief of the children was permanent and not temporary, the ten dollar limitation imposed by section 42 of 2 Revised Statutes (7th ed., p. 1861), did not apply to them.

MOTION for judgment by the plaintiff, upon a verdict directed in its favor by the court, at the Kings County Circuit, subject to the opinion of the court at General Term.

*Jos. A. Burr, Jr.,* for the plaintiff.

*W. J. Foster,* for the defendant.

BARNARD, P. J. :

The case does not disclose whether or not the distinction between town and county poor has been abolished by a vote of the supervisors. It does appear that there is a county poor-house, but no orphan asylum. The plaintiffs are a corporation organized under the laws of the State for the care, education and support of poor orphan children. The overseer of the poor of the defendant, by a written order, committed certain children between the ages of two and sixteen years, who were residents of Long Island City. The plaintiff received these children and cared for them and supported them on the authority of the overseer's order and upon the credit of the defendant. The sole question is, had the overseer such power? The town is charged with the support of the poor when there is no action taken by the supervisors to abolish the distinction between town and county poor. (3 R. S. [7th ed.], 1859, § 31.)

The city stands under the poor laws in the place of the town. The charter of the defendant provides for the office of overseer of the poor with the like powers as are given to overseers in towns. (Chap. 461, Laws of 1871, tit. 2, § 1; tit. 11, § 1.) The charter of defendant makes the city a town. (Title 11, § 1.) The Revised Statutes provides that in cases where permanent relief is asked for, the overseer should remove the poor persons to the county poor-house (3 R. S. [7th. ed], 1861, § 39) when the poor person is to be supported at the expense of the town sending him. If temporary

relief only is sought, only ten dollars a year can be expended on one poor person or family without the written sanction of one of the superintendents. (Page 1862, § 42.) If there was no further legislation it would have been the duty of the overseer to have sent the children to the poor-house. By chapter 61, Laws of 1857, the legislature conferred power on the overseer of the poor in those counties where there was no county orphan asylum to place the children in any incorporated orphan asylum in the county at the expense of the town to which they were chargeable. The power of choice in the overseers was taken away by chapter 438, Laws of 1884 (sec. 2), and it was made unlawful for overseers to send any child between the ages of two and sixteen years to any county poor-house, but made it their duty to provide for them in incorporated asylums for the care of orphans, and "provided for or placed in such asylum or such other institution as shall then be controlled by persons of the same religious faith as the parents of such child."

The relief of the children was permanent and not temporary. The ten dollar limitation does not apply to them. The plaintiff's employment was made by an officer who had full power and who was compelled to furnish the support outside of the poor-house and in an incorporated orphan asylum. The plaintiff fills every requirement of the law so far as is disclosed by the evidence, and the plaintiff should have judgment on the verdict, with costs.

PRATT, J., concurred.

Judgment for plaintiff upon the verdict, with costs.